UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RODNEY HARMON, individually and on behalf of a CLASS of similarly situated consumers,

    Plaintiffs,

v.

HILTON GROUP, ET AL.,

    Defendants.
_____/

No. C-11-03677 JCS

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT [Docket No. 18]**

## I.   INTRODUCTION

Plaintiff Rodney Harmon brings a purported class action on behalf of himself and others who are similarly situated based on Defendants' practice of providing newspapers to hotel guests. In particular, Plaintiff alleges that the practice of including the price of the newspaper in the room charge while informing guests in fine print on registration materials that they can receive a $.75 credit if they inform the front desk that they do not wish to receive the newspaper amounts to imposing a hidden charge on hotel guests that constitutes an unfair business practice. Presently before the Court is Defendants' Motion to Dismiss ("the Motion"), in which Defendants seek dismissal of all of Plaintiff's claims on the basis that Plaintiff fails to state any claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6). The parties have consented to the jurisdiction of a United States magistrate judge, pursuant to 28 U.S.C. § 636(c). A hearing on the Motion was held at 1:30 p.m. on November 18, 2011. For the reasons stated below, the Motion is GRANTED.

## II.   BACKGROUND

### A.   The Complaint

Plaintiff Rodney Harmon alleges that on the night of March 28, 2011, he stayed at the Hilton Garden Inn - Sonoma County Airport. Compl. 6:4-5. Upon check-in, Plaintiff received a "paper holder," which contained his room key. Compl. 6:8-9. Plaintiff claims he looked at the paper holder twice -- once when a hotel staff member handed it to him, and again when he opened it to retrieve his room key. Compl. 6:9-11. Plaintiff claims he did not notice any language on the paper holder regarding a newspaper. Compl. 6:11-12.

The next morning, Plaintiff received an invoice that had been slid under his hotel room door. Compl. 6:13-15. The invoice contained an itemization of charges as follows: (1) $119.00 for the guest room; (2) $10.71 for "Transient Occ. Tax;" (3) $.10 for "CA tax;" and (4) $2.38 for "BIA tax." Plaintiff understood these charges would be posted to the credit card he had provided to the hotel the night before when he checked in. Compl. 6:15-17.

As Plaintiff exited his room to check out of the hotel, he noticed a USA Today newspaper on the floor outside his door. Compl. 6:19-20. Plaintiff assumed the newspaper was complimentary. Compl. 6:21. Plaintiff claims that several days later, he learned that he "supposedly requested the newspaper and had been charged $.75 for its provision." Compl. 6:23-24.

On July 27, 2011, Plaintiff filed the complaint in this action. In the complaint, Plaintiff alleges the Defendants' practice (hereinafter, "the business practice") of supplying their guests with a newspaper, delivered outside the door of each guest's room is an unfair business practice because it creates a "reasonable assumption and expectation on the part of the [hotel] guests that they [are] not being charged" for the newspapers. Compl. 4:16-21. In fact, "unbeknownst to plaintiff and the reasonable consumer, defendants' hotel guests have been and continue to be charged the price of $.75 for each such newspaper." Compl. 4:22-23.

Plaintiff asserts the following three claims in his Complaint: 1) Unfair Business Practices (Claim One) in violation of California Business & Professions Code §§ 17200, et seq. ("UCL"); 2) Violation of the Consumer Legal Remedies Act, California Civil Code §§ 1750, et seq.

2

("CLRA")(Claim Two) based on alleged violations of Cal. Civ. Code Section 1770(a)(14) ("[r]epresenting that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law") and Cal. Civ. Code Section 1770(a)(19) ("[i]nserting an unconscionable provision in the contract"); and 3) Unjust enrichment.  Plaintiff requests equitable, injunctive, and monetary relief, as well as an award of attorneys' fees and costs. Compl. 12:22-13:10.

### B.   The Motion

In the Motion, Defendants contend that Plaintiff's claims fail because they are factually implausible, making dismissal appropriate under the standard set forth by the Supreme Court under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  In support of their position, Defendants rely on the allegations in the complaint and documents that Defendants assert the Court may consider on the basis that they were referenced in the complaint or are central to Plaintiff's claims.  Defendants assert the Court can consider these documents on a motion to dismiss under *Branch v. Tunnell*, 14 F.3d 449 (9th Cir. 1994) (overruled on other grounds in *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002)) and *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Specifically, Defendants cite to: 1) the paper sleeve that Plaintiff alleges he received at check-in; 2) the registration form that Plaintiff signed when he checked in to the hotel; and 3)  the invoice Plaintiff alleges he was provided on the morning he checked out.

In support of their Motion, Defendants submit the Declaration of Ben Parry ("Parry Decl."). Parry states that he is the General Manager of the Hilton Garden Inn –  Sonoma County Airport and that he held this position on March 28, 2011, when the alleged events occurred.  Attached to the Parry Declaration are two exhibits.  Exhibit A includes:  (1) a copy of the registration card  that Plaintiff Rodney Harmon signed upon check-in at the Hilton Garden Inn –  Sonoma County Airport on March 28, 2011; and (2) a copy of the paper sleeve that contained the Plaintiff's room key. Exhibit B is a copy of the invoice from Plaintiff's stay at the Hilton Garden Inn –  Sonoma County Airport on March 28, 2011. Both the registration card and the paper sleeve submitted by Defendants in support of the Motion include the following language: "I have requested weekday delivery of

3

USA TODAY. If refused, a credit of $.75 will be applied to my account." Parry Decl., Ex. A . On the registration card, there is a space for the hotel guest's signature below the disclosure and a signature that appears to be that of Rodney Harmon. *Id*. The paper sleeve contains the additional sentence following the language quoted above: "Please call the Front Desk or check here to refuse," with a box to check for refusal. *Id*. The box on the paper sleeve offered by Defendant is not checked. *Id*. According to Defendants, the paper sleeve and invoice can be considered because they were referenced in the complaint and are central to Plaintiff's claims. The registration card can be considered, Defendants assert, because Plaintiff's claims turn on the sufficiency of Defendants' disclosures. Therefore, according to Defendants, the claim depends on the contents of the registration card, even if the registration card was not explicitly referenced in the complaint.

Turning to the specific claims, Defendants assert that Plaintiff's claims fail for the following reasons:

<u>UCL Claim (Claim One)</u>: Defendants argue that Plaintiff's UCL Claim (Claim One) fails because Defendants' business practice is not fraudulent or unfair and does not violate any law. In particular, Defendants contend that Plaintiff's theory of liability under the UCL is demonstrably false because: 1) there is no "charge" for the newspaper; and 2) Defendants do not hide their disclosure of the newspaper policy, contrary to the allegations in the complaint. Defendants further request that the Court take judicial notice of the rules of the Audit Bureau of Circulations ("ABC Rules"). The Audit Bureau of Circulations is an independent organization formed by magazine and newspaper publishers. Under the ABC Rules, in order for a newspaper to include copies provided to hotel guests in its circulation count, the hotel must give guests notification at check-in that a newspaper is included in the room charge and may be declined for a credit. According to Defendants, this rule shows that their practice, far from being an unfair business practice, is consistent with recognized industry standards. Motion 9:23.

<u>CLRA Claim (Claim Two)</u>: Defendants argue that Plaintiff's CLRA claim fails under both Cal. Civ. Code Section 1770(a)(14) and Cal. Civ. Code Section 1770(a)(19). As to the former, Defendants contend that they have not represented "that a transaction confers or involves rights,

4

remedies, or obligations which it does not have or involve, or which are prohibited by law" because Defendants merely provided a newspaper to guests without additional charge. As to the latter, Defendants argue that they have not inserted an unconscionable contract provision within the room contract because their practices are clearly disclosed and consistent with industry standards, as is illustrated by the ABC Rules. Defendants liken the newspaper to other amenities that are included in the room rate, pointing out that guests also are not charged extra for things like soap and towels.

<u>Unjust enrichment (Claim Three)</u>: Defendants argue they were not unjustly enriched as a result of their business practice because Hilton did not receive any benefit resulting from mistake, fraud or coercion. According to Defendants, Plaintiff agreed to pay, and paid, $119 for his hotel room. Defendants contend that there was no additional charge for the newspaper. Defendants further assert that Plaintiff "declined to avail himself of the *disclosed* right to receive a $.75 credit." Moreover, Plaintiff's refusal of the credit "was not due to any fraudulent or coercive conduct by Hilton."

**C.     The Opposition**

In his Opposition to the Motion, Plaintiff claims that Defendants improperly "superimpose a summary judgment standard at the motion to dismiss stage," asserting that the sufficiency of the claims should be based solely on the allegations in the complaint (though Plaintiff does not expressly object to any specific document cited by Defendants). Considering only the allegations in the complaint, Plaintiff asserts, all of the claims are adequately pled. With respect to the individual claims, Plaintiff makes the following specific arguments:

<u>UCL Claim</u>: Plaintiff argues that he has adequately alleged all three types of unfair business practices under the UCL, that is, unlawful, unfair and fraudulent business practices. First, Plaintiff argues that the UCL claim is adequately pled based on his allegations establishing that Defendants' conduct violated the CLRA (discussed further below). Second, Plaintiff asserts that he has adequately pled fraudulent conduct because it is alleged that Defendants' disclosures of their business practice are inadequate and ineffective, and are designed to avoid detection, amounting to an omission. Opposition at 11-12 (citing *Falk v. General Motors Corp.*, 496 F. Supp. 2d 1088,

5

1094-1095 (N.D. Cal. 2007) and *McKell v. Washington Mutual, Inc.*, 142 Cal. App. 4th 1457, 1471 (2006)).  In particular, Plaintiff has alleged that Defendants do not include the newspaper charge on the guest invoices and that the notification appears in the "paper sleeve of the guests' room card holder" in extremely fine print, among unrelated content. *Id.* at 11.  According to Plaintiff, his allegations establish that Defendants' business practice  "deceives members of the public into believing that Hilton is providing them with . . . complimentary newspaper[s]." *Id.*   Finally, Plaintiff contends that his allegations adequately establish unfair conduct under the UCL because Defendants' business practice causes substantial consumer injury without countervailing benefit. *Id.* at 12.

CLRA Claim:  Plaintiff rejects Defendants' contentions that the CLRA claim fails because guests are not charged for newspapers.  To support their claim that guests are in fact charged for newspapers, Plaintiff cites the ABC Rules, attached as Exhibit A to a Declaration of F. Jerome Tapley ("Tapley Decl.").  Mr. Tapley states he is counsel of record for the Plaintiff in this action, an attorney licensed to practice in Alabama and Florida, and admitted to this Court *pro hac vice*.  Plaintiff alleges the ABC Rules "unequivocally state[] that newspapers are 'copies purchased by hotel guests.'" *Id.* at 9; Tapley Decl., Ex. A (ABC Rules).  Plaintiff asserts that the allegations in the complaint establish that Defendants do, in fact, charge guests for newspapers and that this information is not adequately disclosed to guests. *Id.* at 16.

Unjust Enrichment:  Plaintiff argues that his unjust enrichment claim survives Defendants' Motion because his allegations are sufficient to show both that Defendants retained a benefit (the $.75 charged for each newspaper) and that  Defendants' receipt of this amount is unjust because Defendants do not adequately disclose the charge to guests.  Opposition 17-18.

**D.  Reply**

In their Reply Brief in Support of Defendants' Motion to Dismiss ("Reply"), Defendants reiterate their argument that Plaintiff's claims are factually implausible, pointing again to the disclosures on the signed registration card and the paper sleeve, as well as the invoice showing that Plaintiff was not charged for the newspaper.  Defendants point out that Plaintiff has not challenged

the authenticity of any of the documents offered in support of the Motion. Defendants further assert that Plaintiff has not even objected to the introduction of these documents.

## III. ANALYSIS

### A. Legal Standard

#### 1. Rule 12(b)(6)

A complaint may be dismissed for failure to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6). "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Thus, in ruling on a motion to dismiss under Rule 12(b)(6), the court takes "all allegations of material fact as true and construe(s) them in the lights most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995). Generally, a plaintiff's burden at the pleading stage is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Nonetheless, a complaint may be dismissed based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The Supreme Court has made clear that a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). Further, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

In *Ashcroft v. Iqbal*, the Court offered further guidance on the applicable standard under Rule 12(b)(6), stating as follows:

> As the Court held in *Twombly*, . . .the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . .. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." . . .

7

> Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." . . .
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " . . .
>
> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . .  .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

127 S. Ct. 1937, 1949-1950 (2009).

**B.     What Evidence the Court May Consider**

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). When "matters outside the pleading are presented to and not excluded by the court," a Rule 12(b)(6) motion is to "be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b). "A document is not 'outside' the complaint if the complaint specifically refers to the document and if its authenticity is not questioned." *Branch*, 14 F.3d at 454. Consequently, "when [the] plaintiff fails to introduce a pertinent document as part of his pleading, [the] defendant may introduce the exhibit as part of his motion attacking the pleading." Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1327 at 762-763 (2d ed. 1990).

The "incorporation by reference" doctrine has been extended "to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document." *Knievel*, 393 F.3d at 1076. In *Knievel*, celebrity stuntman Evel Knievel and his wife sued ESPN for defamation based on a picture and caption on ESPN's website. *Id*. at 1070. Because the First Amendment protects statements that, when viewed in context, cannot reasonably be interpreted as stating actual facts, the court held that other pages on the ESPN website that readers had to scroll through to get to the page containing the allegedly defamatory statements could properly be considered on a motion to dismiss, even though those pages had not been referenced in the complaint. *Id*. The court reasoned that "[t]he rationale of the 'incorporation by reference' doctrine applies with equal force to internet pages as it does to printed material. Just as a reader must absorb a printed statement in the context of the media in which it appears, a computer user necessarily views web pages in the context of the links through which the user accessed those pages." *Id*.; *cf* . *Curran v. Amazon.com, Inc*., 2008 WL 472433, at * 13 (S.D.W.Va.,Feb. 19, 2008) (distinguishing *Knievel* and holding that terms of service web page could not be considered on a motion to dismiss where that page was not referenced in complaint and where visitors to website could access page containing allegedly offending photograph without viewing terms of service page).

Here, it is clear that the Court may consider both the invoice and the paper sleeve without converting the Motion to one for summary judgment on the basis that both documents were expressly referenced in the Complaint. A somewhat more difficult question is whether the Court may consider the registration card. However, at oral argument, Plaintiff stipulated that the Court may also consider the registration card in deciding this motion.

**C.     The Request for Judicial Notice**

Defendants have requested under Fed. R. Evid. 201(b) that the Court take judicial notice of the ABC Rules. Motion 10 n. 9. Fed. R. Evid. 201(b) states that courts may take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Plaintiff has not objected to Defendants' request or challenged

9

the authenticity of any of the attached documents. In fact, Plaintiff makes reference to the Rules from the ABC in his Opposition (*see* Opposition 9:15-21) (*see also* Tapley Decl., Ex. A (ABC Rules) filed in support of Plaintiff's Opposition). Accordingly, Defendants' request is GRANTED.

### D. Whether Plaintiff's Claims are Sufficiently Alleged

#### 1. UCL Claim (Claim One)

##### a. Legal Standard

###### i. Standing

A claim for unfair competition under California's UCL law may be brought "by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. The California Supreme Court has explained that, to satisfy the standing requirements under § 17204, a party must, "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury*, and (2) show that that economic injury was the result of, i.e., *caused by*, the unfair business practice or false advertising that is the gravamen of the claim." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (2011) (emphasis in original). Thus, there is a "clear requirement that injury must be economic, at least in part, for a plaintiff to have standing under § 17204." *Animal Legal Defense Fund v. Mendes*, 160 Cal. App. 4th 136, 147 (2008).

###### ii. Unfair Competition

California's UCL prohibits "unfair competition," which is defined as any "unlawful, unfair or fraudulent business act or practice." To establish a violation of the UCL, a plaintiff may establish a violation under any one of these prongs. To state a cause of action based on an unlawful business act or practice under the UCL, a plaintiff must allege facts sufficient to show a violation of some underlying law. *People v. McKale*, 25 Cal.3d 626, 635 (1979). "'Fraudulent,' as used in the statute, does not refer to the common law tort of fraud but only requires a showing members of the public 'are likely to be deceived.'" *Olsen v. Breeze*, 48 Cal. App. 4th 608, 618 (1996). UCL claims premised on fraudulent conduct trigger the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). Finally,

while there is disagreement among California courts regarding the definition of "unfair" business practices, three tests have been applied, as the court in *Phipps v. Wells Fargo* explains:

> In consumer cases, such as this, the California Supreme Court has not established a definitive test to determine whether a business practice is unfair. *Drum v. San Fernando Valley Bar Ass'n*, 182 Cal. App. 4th 247, 256, 106 Cal. Rptr. 3d 46 (2010). A split of authority has developed among the California Courts of Appeal, which have applied three tests for unfairness in consumer cases. *Drum*, 182 Cal. App. 4th at 256, 106 Cal. Rptr. 3d 46.
>
> The test applied in one line of cases requires "that the public policy which is a predicate to a consumer unfair competition action under the 'unfair' prong of the UCL must be tethered to specific constitutional, statutory, or regulatory provisions." *Drum*, 182 Cal. App. 4th at 256, 106 Cal. Rptr. 3d 46 (citing *Bardin v. Daimlerchrysler Corp.*, 136 Cal. App. 4th 1255, 1260–1261, 39 Cal. Rptr. 3d 634 (2006); *Davis v. Ford Motor Credit Co.*, 179 Cal. App. 4th at 581, 595–596, 101 Cal. Rptr. 3d 697 (2009); *Gregory v. Albertson's Inc.*, 104 Cal. App. 4th 845, 854, 128 Cal. Rptr. 2d 389 (2002).
>
> . . .
>
> A second line of cases applies a test to determine whether the alleged business practice "is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers and requires the court to weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Drum*, 182 Cal. App. 4th at 257, 106 Cal. Rptr. 3d 46 (citing *Bardin*, 136 Cal. App. 4th at 1260, 39 Cal. Rptr. 3d 634; *Davis*, 179 Cal. App. 4th at 594–595, 101 Cal. Rptr. 3d 697)).
>
> . . .
>
> The test applied in a third line of cases draws on the definition of "unfair" in section 5 of the Federal Trade Commission Act (15 U.S.C. § 45, subd. (n)), and requires that "(1) the consumer injury must be substantial; (2) the injury must not be outweighed by any countervailing benefits to consumers or competition; and (3) it must be an injury that consumers themselves could not reasonably have avoided." *Drum*, 182 Cal. App. 4th at 257, 106 Cal. Rptr. 3d 46 (citing *Davis*, 179 Cal. App. 4th 597–598, 101 Cal. Rptr. 3d 697; *Camacho v. Automobile Club of Southern California*, 142 Cal. App. 4th 1394, 1403, 48 Cal. Rptr. 3d 770 (2006)).

2011 WL 302803, at *16 (E.D.Cal., Jan. 27, 2011).

### b.    Application of the Law to the Facts

#### i.    Standing

Although the standing issue was not raised by Defendants in the Motion, Plaintiff's standing to sue under the unfair prong of the UCL is a threshold issue to be resolved before reaching the merits. Because the Court finds there was no charge for the newspaper, the Court also finds Plaintiff has not lost money or property as a result of Defendants' business practice. Plaintiff agreed to pay, and paid, $119 for his hotel room. The newspaper was an amenity included in Plaintiff's flat room

11

rate. Plaintiff was not charged, and did not pay, $.75 for the newspaper. The bare allegation that he was entitled to a $0.75 discount off his bill if he elected not to receive the newspaper does not alter this conclusion. Therefore, Plaintiff did not suffer injury from an alleged $.75 charge for the delivery of a newspaper outside his hotel room door.

### ii. Fraudulent Business Practice

Plaintiff's factual allegations do not state a claim under the fraudulent prong of the UCL because they do not give rise to a plausible inference that hotel guests are likely to be deceived by Defendants' practice. In particular, the factual allegations and the invoice reveal that there was no charge for the newspaper and therefore, the conclusory allegation that Defendants concealed a charge for newspaper delivery simply makes no sense. The Court rejects Plaintiff's argument that if there is a credit for declining a newspaper, there must also be a charge for receiving it. According to the allegations in the complaint, the hotel charged a flat rate for the room. That rate included numerous amenities. The fact that guests can receive a credit in return for declining one of those amenities, delivery of the newspaper, does not create a charge. Nor is any charge for the newspaper reflected on the invoice Plaintiff received at the conclusion of his stay. Moreover, there is an additional reason for dismissing this claim. The language on the paper sleeve and the language on the registration card that all guests receive and must sign at check-in, shows that the disclosure of Defendants' policy was adequate, as a matter of law. There was no deception.

### iii. Unfair Business Practice

Plaintiff's allegations are not sufficient under the "unfair" prong of the UCL. In order to state a claim under the unfair prong of the UCL, Plaintiff must allege facts sufficient to establish that Defendants' business practice is unfair under any of the three tests applied by California courts to UCL claims under the unfair prong.

The test applied by California courts under the first line of cases described in *Phipps* requires that Plaintiff allege facts sufficient to establish that Defendants' business practice violated public policy that was "tethered to specific constitutional, statutory, or regulatory provisions." *Phipps*, 2011 WL 302803 at *16 (*citing Drum*, 182 Cal. App. 4th at 256). Plaintiff failed to allege any facts

establishing the violation of any public policy tethered to a statutory or regulatory provision, including the CLRA, as discussed below. Therefore, Plaintiff has failed to plead a substantive violation of the UCL under the unfair prong according to the test applied by California courts under the first line of cases.

The test applied under the second line of cases described in *Phipps* requires Plaintiff to allege facts sufficient to show Defendants' business practice is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers and requires the court to weigh the utility of the [D]efendant[s'] conduct against the gravity of harm to the" Plaintiff. *Id*. Plaintiff asserts that Defendants' practice meets this standard because Defendants are concealing a charge for newspapers while leading hotel guests to believe the newspapers are complimentary. However, as discussed above, the Court finds, based on the allegations in the Complaint and the invoice, which is included by reference in the Complaint, that there is no charge. Moreover, Plaintiff's right to receive a discount if he elected not to receive a newspaper was adequately disclosed. Therefore, Plaintiff fails to state a claim for unfair business practices based on this theory as well.[1]

Finally, the test applied under the third line of cases described in *Phipps* requires "(1) the consumer injury must be substantial; (2) the injury must not be outweighed by any countervailing benefits to consumers or competition; and (3) it must be an injury that consumers themselves could not reasonably have avoided." *Phipps*, 2011 WL 302803 at *16 (*citing Drum*, 182 Cal. App. 4th at 257). Again, the Court finds Plaintiff suffered no injury because Plaintiff was not charged for the newspaper. By extension, Plaintiff also fails to allege substantial consumer injury. In addition, any supposed "harm" could easily have been avoided by a reasonable consumer in light of the disclosures discussed above alerting hotel guests of the opportunity to receive a discount if the

---

[1] Defendants assert that their business practice is not immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers because "Hilton's conduct is consistent with industry standards," as evidenced by the ABC Rules. Motion 9:20-23, and Sunshine Decl., Ex. C (ABC Rules). Although the Court may take judicial notice of the existence of the ABC Rules, it is not appropriate, on a motion to dismiss, to draw further inferences concerning the significance of the ABC Rules with respect to hotel industry standards. Therefore, the Court does not rely on the ABC Rules in concluding that Defendants' business practice was not immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

13

newspaper were declined. Therefore, Plaintiff has failed to allege facts sufficient to establish there was a violation of the UCL under the unfair prong according to the test applied by California courts under the third line of cases described in *Phipps*.

### iv. Unlawful Business Practice

In order to state a claim under the UCL based on unlawful conduct, Plaintiff must allege facts sufficient to establish a violation of some law. Plaintiff contends that he has alleged unlawful conduct on the basis of CLRA claim. As discussed below, Plaintiff fails to state a claim under the CLRA and therefore, his UCL claim fails to the extent it is based on the CLRA claim.

In sum, Plaintiff's UCL claim fails on the basis that the factual allegations of the Complaint, as well as the contents of the documents discussed above, do not establish standing; nor do they support a plausible inference that Defendants have violated the UCL under any of the three prongs that may constitute a violation.

### 2. CLRA Claim (Claim Two)

#### a. Legal Standard

##### i. Standing

The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer[.]" Cal. Civ. Code § 1770. Pursuant to Cal. Civ. Code § 1780(a), "[a]ny consumer *who suffers any damage* as a result of" any of the types of conduct enumerated and declared unlawful by § 1770 may bring an action for damages, restitution and injunctive relief. Cal. Civ. Code § 1780(a) (emphasis added). Therefore, an individual must prove he suffered damage to establish standing under the CLRA.

Indeed, "[a]n individual filing suit under the CLRA, including one bringing suit on behalf of a class of similarly situated consumers, must establish standing under the statute." *In re Actimmune Marketing Litigation*, 2009 U.S. Dist. LEXIS 103408 at *47 (N.D. Cal., Nov. 6, 2009). "[The CLRA] does not create an automatic award of statutory damages upon proof of an unlawful act. Relief under the CLRA is specifically limited to those who suffer damage, making causation a

14

necessary element of proof." *Wilens v. TD Waterhouse Group, Inc.*, 120 Cal. App. 4th 746, 755 (2003). Thus, to pursue a CLRA claim, a party must have been "exposed to an unlawful practice," and "some kind of damage must result." *Meyer v. Sprint Spectrum L.P.*, 45 Cal. 4th 634, 641 (2009).

Courts have generally dismissed claims in which plaintiffs suffered no harm as a result of defendants' conduct. *See, e.g., Wehlage v. EmpRes Healthcare, Inc.*, 2011 WL 2066625, at *5-6 (N.D. Cal., May 25, 2011) ("Plaintiff has not alleged that [Defendant] deceived her . . . and that she suffered damage as a result. Accordingly, the [c]ourt grants the [Defendant's] motion to dismiss Plaintiff's CLRA claims."); *In re iPhone Application Litig.*, 2011 WL 4403963 at *9-10 (N.D. Cal., Sept. 20, 2011) ("[p]laintiffs have not alleged any damage as a result of [d]efendants' alleged actions. Therefore, [p]laintiffs' CLRA claim necessarily fails.") (quotations omitted).

### ii.   Cal. Civ. Code §§ 1770(a)(14) & 1770(a)(19)

Cal. Civ. Code §1770(a)(14) proscribes "representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve." Cal. Civ. Code § 1770(a)(19) prohibits the insertion of unconscionable provisions into a contract.

### b.   **Application of the Law to the Facts**

#### i.   **Standing**

Although the standing issue was not raised by Defendants in the Motion, Plaintiff's standing to sue under the CLRA is a threshold issue to be resolved before reaching the merits. Because Plaintiff was not charged for a newspaper, he has suffered no damage as a result of Defendants' business practice. Therefore, Plaintiff's CLRA claim fails on the basis that he has not alleged any facts showing that he has standing to bring his CLRA claim. In addition, for the reasons stated below, Plaintiff fails to allege facts showing a violation of either of the specific provisions of Section 1770 identified by Plaintiff in the Complaint.

#### ii.   **Section 1770(a)(14)**

Plaintiff's CLRA claim under § 1770(a)(14) is apparently based on the theory that hotel guests are deprived of a right to which the hotel represents they are entitled as part of their

15

1 transaction with the hotel because they are "charged" for the delivery of newspapers that they
2 reasonably believe are complimentary. As discussed above, that theory fails because the allegations
3 and invoice establish that Plaintiff was not, in fact, charged, for the delivery of his newspaper. In
4 addition, these facts were disclosed in the registration card and the sleeve. There was no
5 misrepresentation.

### iii.   Section 1770(a)(19)

Although Plaintiff alleges Defendants violated § 1770(a)(19) by inserting an unconscionable provision into a contract, he fails to specify the particular contractual provision upon which he bases this claim. To the extent he relies on the language in the paper sleeve (which is also included on the registration card) relating to Defendants' business practice in connection with newspaper delivery, the Court finds that the provision is not unconscionable because the allegations show that (1) there was no charge for the newspaper; and (2) Defendants' business practice was disclosed adequately to hotel guests.

### 3.   Unjust Enrichment Claim (Claim Three)

#### a.   Legal Standard

Although there is some disagreement among California courts as to whether unjust enrichment may be asserted as a stand-alone claim under California law, this Court has recognized that the confusion is largely semantic. *Nordberg v. Trilegant Corp.*, 445 F. Supp. 2d 1082, 1100 (N.D. Cal. 2006). The court in *Nordberg* explained that even though California law may not recognize unjust enrichment as an independent claim, such a claim may be understood as one for restitution, which is recognized under California law. *Id*. Therefore, the Court considers whether Plaintiff's third claim, styled as a claim for unjust enrichment, states a claim for restitution.

To state a claim for restitution, a plaintiff "must plead 'receipt of a benefit and the unjust retention of the benefit at the expense of another.'" *Walters v. Fidelity Mortgage of California*, 2010 WL 1493131 at * 12 (E.D. Cal., April 14, 2010) (quoting *Lectrodryer v. Seoulbank*, 77 Cal. App. 4th 723, 726 (2000)). "Even when a person has received a benefit from another, he is required to make restitution 'only if the circumstances of its receipt or retention are such that, as between the

16

two persons, it is unjust for him to retain it.'" *Ghirardo v. Antonioli*, 14 Cal.4th 39, 51 (1996) (quoting Restatement of Restitution, § 1, cmt. c). In *McBride v. Boughton*, the court explained that "restitution may be awarded in lieu of breach of contract damages when the parties had an express contract, but it was procured by fraud or is unenforceable or ineffective for some reason." *McBride*, 123 Cal. App. 4th at 388. To prevail on a claim for restitution, a plaintiff need not establish bad faith on the part of the defendant, so long as the recipient of the funds was not entitled to the funds. *See Lectrodryer*, 77 Cal. App. 4th at 726.

### b. Application of the Law to the Facts

For the reasons discussed above, Plaintiff has failed to allege that Defendants have unjustly retained any funds to which Plaintiff was entitled. Therefore, Plaintiff fails to state a claim for restitution.

### E. Whether Plaintiff Should Be Granted Leave to Amend

"In dismissing a complaint, leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment." *Rivera v. BAC Home Loans Servicing, L.P.*, 756 F. Supp. 2d 1193, 1197 (N.D. Cal., 2010) (citing *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir.1995)). However, "when amendment would be futile, dismissal may be ordered without prejudice." *Id.* Here, the Court finds that amendment would be futile because the allegations and documents that can be considered on a motion to dismiss directly contradict the main premise underlying all of Plaintiff's claims, namely, that he was charged for the newspaper that was provided by Defendants when Plaintiff stayed at the Hilton Garden Inn - Sonoma County Airport on March 28, 2011.

## IV. CONCLUSION

For the reasons stated above, the Motion is GRANTED. Plaintiff's Complaint is dismissed with prejudice. The Clerk is directed to close the file in this case.

IT IS SO ORDERED.

Dated: November 28, 2011

JOSEPH C. SPERO
United States Magistrate Judge